UNITED STATES of America, Appellee,

v.

Jose ROSA, Jose Vega and Rafael Rodriguez, Defendants-Appellants.

Nos. 70, 71, 72, Dockets 77–1192, 77–1193 and 77–1219.

United States Court of Appeals, Second Circuit.

Argued Sept. 14, 1977.

Decided Sept. 19, 1977.

John S. Siffert, Asst. U. S. Atty., New York City, (Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York, T. Barry Kingham, Asst. U. S. Atty., New York City, of counsel), for appellee.

Charles P. Sifton, New York City (LeBoeuf, Lamb, Leiby & MacRae, New York

City), for defendants-appellants Rosa and Rodriguez.

Steven L. Barrett, New York City (William J. Gallagher, Legal Aid Society, New York City), for defendant-appellant Vega.

Before MULLIGAN and VAN GRAAF-EILAND, Circuit Judges, and COFFRIN, District Judge.[*]

PER CURIAM:

Jose Rosa, Jose Vega and Rafael Rodriguez have appealed from judgments of conviction entered on March 3, 1977 and April 21, 1977 in the United States District Court for the Southern District of New York after a trial without a jury before the Hon. William C. Connor, *District Judge.* All three defendants were convicted of possession with intent to distribute quantities of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). We find no merit in any of the arguments raised upon this appeal. However, appellants raise an issue not yet decided in this circuit. The argument made is that when Congress enacted the Drug Control Act of 1970, P.L. 91–513, 84 Stat. 1236 (Oct. 26, 1970), the Attorney General was required by 21 U.S.C. §§ 811 and 812 to update and republish, first on a semi-annual basis and then, on an annual basis the five schedules of controlled substances. The failure of the Attorney General to update and publish the schedules, it is urged, mandates the dismissal of the indictments here. The same argument was made and rejected in *United States v. Huerta,* 547 F.2d 545, 547 (10th Cir. 1977). We agree with the Tenth Circuit that the clear intent of Congress was that the schedules should remain as initially adopted until changed by the Attorney General. It is impossible to believe, particularly in the case of a drug such as heroin, that Congress intended the narcotics business to be decriminalized if the Attorney General failed to perform an administrative duty. 21 U.S.C. § 811(a) provides in part that, ". . . the Attorney General *may* by rule (2) re-

move any drug or other substance . . . if he finds that the drug or other substance does not meet the requirements for inclusion in any schedule" (emphasis added). We read this to provide the Attorney General with discretion and not to mandate the annual reevaluation of the status of each controlled substance. *United States v. Eddy,* 549 F.2d 108, 113 (9th Cir. 1976). Neither the legislative history of the Act nor any case construing it supports the interpretation urged by appellants. The convictions are affirmed.